UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY MORALES, et al.,<br><br>      Plaintiffs,<br><br>      v.<br><br>TOYOTA MOTOR SALES U.S.A., INC., et al.,<br><br>      Defendants. | Case No. 25-cv-06982-NW<br><br>**ORDER GRANTING TOYOTA MOTOR SALES U.S.A.'S MOTION FOR JUDGMENT ON THE PLEADINGS AND DISMISSING ENVISION MOTORSPORT LLC D.B.A. ENVISION MOTORS**<br><br>Re: ECF No. 23 |

This is a lemon law case involving an allegedly defective, used 2022 Toyota Tundra that Plaintiffs, Anthony Morales and Agustina Gurrola, purchased on December 7, 2023, from Ocean Honda, a third-party, non-Toyota dealership. Compl., ECF No. 1-1; ECF No. 24 at 4. Plaintiffs bring claims against Defendant Toyota Motor Sales U.S.A., Inc. under the Magnuson-Moss Warranty Act and California's Business and Professions Code § 17200 ("UCL") (unlawful and fraudulent prongs).[1]

Defendant now moves for judgment on the pleadings under Federal Rule of Civil Procedure 12(c). ECF No. 23. The Court held a hearing on the motion on July 8, 2026. For the foregoing reasons, the Court GRANTS Defendant's motion.

---

[1] Plaintiffs initially filed this case in the Santa Clara County Superior Court on June 18, 2025, naming Toyota Motor Sales U.S.A., Inc. and a second Defendant, Envision Motorsport LLC. ECF No. 1. In their December 2, 2025, Joint Case Management Conference Statement, Plaintiffs state: "Defendant Envision Motorsport LLC D.B.A. ENVISION MOTORS was served with the complaint on July 18, 2025, but has failed to file any responsive pleading. Plaintiffs are working to ensure the correct entity was properly served before pursuing default. Plaintiffs propose a deadline of 60 days from the Initial Case Management Conference to ensure proper service on Defendant Envision Motors." ECF No. 16 at 2. In the year that has passed since Plaintiff filed this case, Envision has not appeared in this action, Plaintiffs have not filed proof of service, and Plaintiffs have not sought leave to re-attempt service. Accordingly, the Court dismisses Envision from this case because Plaintiffs have failed to effect service. Fed. R. Civ. Pro. 4(m).

United States District Court<br>Northern District of California

## I.     LEGAL STANDARD

"Judgment on the pleadings is proper when the moving party clearly establishes on the face of the pleadings that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1989). A motion for judgment on the pleadings under Rule 12(c) is subject to the same standard as a Rule 12(b)(6) motion to dismiss. *Dworkin v. Hustler Mag., Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989). The Court must therefore view the facts and inferences drawn from the pleadings in the light most favorable to the nonmoving party. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

## II.     DISCUSSION

Plaintiffs' claims turn on whether they can establish an underlying violation of California law. *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) ("[C]laims under the Magnuson–Moss Act stand or fall with [a plaintiff's] express and implied warranty claims under state law."); *Hoffman v. Life Ins. Co. of the Sw.*, 740 F. Supp. 3d 918, 928 (N.D. Cal. 2024) ("[W]ithout an underlying statutory violation, plaintiffs cannot state a claim under the UCL's unlawful prong.").[2] Here, Plaintiffs lack standing to bring their "express and implied warranty claims under state law." *Clemens*, 534 F.3d at 1022. This is best explained in *Rodriguez v. FCA US, LLC*, a California Fourth District Court of Appeal case that is directly on point. *Rodriguez v. FCA US, LLC*, 77 Cal. App. 5th 209, 218 (2022), *affirmed Rodriguez v. FCA US LLC*, 17 Cal. 5th 189, 198 (2024).

*Rodriguez* explained that the Magnuson-Moss Act "provides for implied warranties of merchantability and fitness for 'consumer goods'—i.e., *new* products." *Id.* (emphasis added) (citing §§ 1791.1, subd. (c), 1792). The court clarified that:

> The Act also provides implied warranties for used products. These are shorter than the implied warranties for new products; their

---

[2] Plaintiffs additionally bring a claim under the fraudulent prong of the UCL. The heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply to UCL "fraud" claims brought in federal court. *Kearns v. Ford Motor Co.,* 567 F.3d 1120, 1125 (9th Cir. 2009). Plaintiffs have failed to provide the requisite particularity required under 9(b), and have further failed to allege the requisite intent to defraud.

> maximum duration is three months. (§ 1795.5, subd. (c).) As is the case with liability for breach of express warranties, "in the sale of used consumer goods, liability for breach of implied warranty *lies with distributors and retailers*, not the manufacturer," unless the manufacturer issues a new warranty along with the sale of the used good.

*Id.* (citing *Ruiz Nunez v. FCA US LLC*, 61 Cal. App. 5th 385, 398 (2021)).  In summary, the court stated: "Thus, a hallmark of the Act is that its consumer protections apply against the party who sold the product to the buyer *and* issued the express warranty." *Id.*

Plaintiffs do not dispute that they purchased a used 2022 Toyota Tundra from Ocean Honda, a third-party, non-Toyota dealership.  ECF No. 24 at 4.  "Courts routinely dismiss Song-Beverly implied warranty claims against manufacturers when plaintiffs purchased their vehicles from third parties." *Cathers v. Tesla, Inc.*, No. 523CV02328SSSKKX, 2024 WL 1832425, at *2 (C.D. Cal. Feb. 13, 2024).  Because Plaintiffs clearly allege that they purchased a used car from Ocean Honda, and not a new car warranty from Defendant, Plaintiffs cannot establish an underlying violation to support their Magnuson-Moss Act and UCL claims.  The Court GRANTS Defendant's motion for judgment on the pleadings.

At the July 8, 2026 hearing, the Court asked Plaintiffs' counsel why Plaintiffs' claims were not precluded by *Rodriguez v. FCA US, LLC*, a case that inexplicably was not distinguished or even referenced in Plaintiffs' opposition to the motion.  One of Plaintiffs' attorneys sitting at counsel table was not admitted to practice in this District and therefore did not participate in the hearing.  The second attorney stated that she was not prepared to discuss the substance of the motion.  She explained that one of her colleagues was planning to argue at the hearing, but that attorney had assumed the hearing would be held remotely and was not available.

This Court's Standing Order states that all hearings are held in person unless leave for remote appearance is granted.  No counsel for Plaintiff requested a remote appearance for the July 8, 2026 hearing.

Plaintiffs' counsel who personally attended the hearing was unable to offer any explanation why this Court should not grant Defendant's motion for judgment on the pleadings.  The Court agrees and GRANTS Defendant's motion for judgment on the pleadings.

The Court further notes that Plaintiffs filed their opposition to the motion 44 days late.

United States District Court
Northern District of California

ECF No. 24. In response to the Court's Order to Show Cause why this matter should not be dismissed for failure to timely file an opposition to Defendant's motion, Plaintiffs offered no good cause for filing its opposition nearly a month and a half late; instead Plaintiffs stated the "delay was the direct result of an isolated clerical and calendaring error in counsel's office[.]" ECF No. 27. Defendant has reasonably requested that the Court strike Plaintiffs' opposition. While this significant non-compliance with Court deadlines is unacceptable and is independent grounds for granting the motion as unopposed, the Court elects to exercise its discretion, and resolves this motion on its merits.

## III.    CONCLUSION

Defendant's motion for judgment on the pleadings is GRANTED. Envision Motorsport LLC is dismissed from the case. The Clerk of Court shall enter judgment for Defendant and shall close the case.

**IT IS SO ORDERED.**

Dated: July 12, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California